UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC., | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | No.: 3:08-CV-139 3:08-CV-141 |
| JOHN WAYNE STURGEON, BRENDA DIANE STURGEON, and GWENDOLYN M. KERNEY, Trustee, | ) ) ) ) | (VARLAN/SHIRLEY) |
| Appellees. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on two appeals by appellant Americredit Financial Services, Inc. ("AmeriCredit") to orders entered by the United States Bankruptcy Court for the Eastern District of Tennessee. AmeriCredit has submitted briefs in support of its appeals. [Case Number 3:08-cv-139, Doc. 2; Case Number 3:08-cv-141, Doc. 2.] Neither appellees John Wayne Strugeon and Brenda Diange Sturgeon ("the Sturgeons") nor Gwendolyn M. Kerney, Trustee, have filed responsive briefs, and the time for doing so has expired. [*See* Case Number 3:08-cv-139, Doc. 4; Case Number 3:08-cv-141, Doc. 6.] The matter is now ripe for the Court's consideration.

On February 19, 2008, AmeriCredit appealed the order of the United States Bankruptcy Court for the Eastern District of Tennessee ("Bankruptcy Court") overruling AmeriCredit's objection to confirmation and holding that the Sturgeons could surrender their

vehicle in full satisfaction of AmeriCredit's claim under 11 U.S.C. § 1325(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). On March 3, 2008, AmeriCredit appealed the order of the Bankruptcy Court confirming the debtors' plan. These appeals were docketed, respectively, as Case Number 3:08-cv-139 and Case Number 3:08-cv-141. The issue in all appeals is whether the Bankruptcy Court erred in ruling that 11 U.S.C. § 1325(a)(5), as amended by BAPCPA, allows the Sturgeons to surrender their vehicle in full satisfaction of AmeriCredit's claim.

In its supporting brief, AmeriCredit contends that the Court should reverse the Bankruptcy Court, sustain the objection to confirmation filed by AmeriCredit, and find that BAPCA does not allow the Sturgeons to surrender AmeriCredit's collateral in full satisfaction of its claim based on the Sixth Circuit's decision in *In re Long*, 519 F.3d 288 (6th Cir. 2008).

In *In re Long*, the Sixth Circuit held that when a debtor elects to surrender collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), the car creditor is entitled to a deficiency claim for the balance of its lien after disposition of its collateral. *In re Long*, 519 F.3d at 295, 298. In light of the Sixth Circuit's holding in *In re Long*, the Bankruptcy Court erred in allowing the Sturgeons to surrender their vehicle in full satisfaction of AmeriCredit's claim.

Accordingly, AmeriCredit's objection to confirmation of the Chapter 13 plan is hereby **SUSTAINED** in Case Number 3:08-cv-139. The United States Bankruptcy Court for the Eastern District of Tennessee's order confirming the Chapter 13 plan is hereby **REVERSED** in Case Number 3:08-cv-141. The United States Bankruptcy Court for the

Eastern District of Tennessee is hereby **REVERSED**, and these matter are hereby **REMANDED** to the United States Bankruptcy Court for the Eastern District of Tennessee for proceedings consistent with this order and the Sixth Circuit's rulings in *In re Long*, 519 F.3d 288 (6th Cir. 2008).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE